IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                         No. 25-CR-1338-DHU

LORY LADD MUNIZ,

      Defendant.

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE PRETRIAL MOTIONS

    Defendant Lory Muniz, by and through her counsel of record, Assistant Federal Public Defenders Buck Glanz and Melissa Ann Morris, moves this Court to continue the jury trial currently scheduled on March 2, 2026, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of his Motion, Ms. Muniz states:

    1.    On May 20, 2025, Ms. Muniz pleaded not guilty to one count of Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(c) (Doc. 14). On January 21, 2026, the government filed a superseding indictment adding two additional charges. (Doc. 29). On January 29, 2026, Ms. Muniz pleaded not guilty to all three charges in the superseding indictment.

    2.    This case is currently set for trial on March 2, 2026.

    3.    Ms. Muniz requests a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests ninety (90) days from the current setting to fully investigate the allegations in the Superseding Indictment (Doc. 29) and prepare for trial. Ninety days is the minimum amount of time needed to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.

1

4.       Before defense counsel can adequately advise Ms. Muniz about her legal options, counsel must also conduct a thorough and complete investigation into the counts charged. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

5.       Defense counsel also requires the additional ninety days to determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise Ms. Muniz on pretrial motions prior to conducting a thorough review of all discovery, completing the defense investigation, and having adequate opportunity to discuss her rights and legal defenses. Defense counsel has identified additional relevant discovery that has not been disclosed. Working with the government to obtain these items will also take additional time.

6.       The parties also require time to discuss the possibility of a negotiated resolution. However, defense counsel must conclude a thorough discovery review and complete the defense investigation prior to effectively advising Ms. Muniz on any negotiated resolution in this case.

7.       If the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial. Ms. Muniz's right to the effective assistance of counsel includes adequate time to prepare for trial and effectively complete a defense investigation. Without this time to prepare, Ms. Muniz will be denied her right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

8. Ms. Muniz therefore respectfully requests a continuance of ninety (90) days in order to prepare for trial. Ms. Muniz cannot be and will not be ready for trial in advance of ninety (90) days from the current setting. Counsel believes that length of time to be the minimum needed to review discovery, to conduct any follow-up investigation, to engage in plea negotiations with the United States, to file any pretrial motions, and to ensure Ms. Muniz receives effective assistance of counsel and is afforded due process.

9. Ms. Muniz believes that a continuance of ninety (90) days from the current trial setting is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel an opportunity to thoroughly review all discovery on his own as well as with Ms. Muniz.

   b) To allow defense counsel to conduct a reasonable and thorough investigation.

   c) To allow defense counsel to determine whether to file pretrial motions, a decision which cannot be reached until defense counsel has had an opportunity to thoroughly review discovery and conduct a reasonable investigation.

   d) To allow time for the parties to explore plea negotiations.

10. The continuance will not prejudice Ms. Muniz as it will allow counsel an opportunity to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Counsel has informed Ms. Muniz of her rights under the Speedy Trial Act, 18 U.S.C. § 3161, and she understands the need for a continuance and respectfully requests that the Court continue trial for ninety days from the current setting.

11. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial

will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense counsel to complete a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions.

12. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

13. This Motion is not predicated upon the congestion of the Court's docket.

4

14. Counsel for the United States, Assistant United States Attorneys Eliot Neal and Amy Mondragon, do not oppose this continuance.

**WHEREFORE**, Ms. Muniz respectfully requests that this Court continue the jury trial and motions deadline for ninety (90) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

*Electronically filed January 29, 2026*
/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant

/s/ Melissa Ann Morris
Assistant Federal Public Defender
Attorney for Defendant